UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPHINE LUCAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01870-SEB-MJD |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Court's order directing plaintiff to show cause as to why her Complaint should not be dismissed for failure to prosecute [Dkt. 19] ("Order to Show Cause"). For the reasons that follow, the Magistrate Judge recommends the District Judge fine Plaintiff's attorney, Patrick Mulvany ("Mr. Mulvany"), $1,000 for his repeated and deliberate failures to comply with the Court's scheduling orders.

**I.     Background**

On November 24, 2015, Plaintiff Josephine Lucas ("Lucas"), through her attorney Mr. Mulvany, filed her complaint challenging the decision of the Social Security Administration denying her claim for social security disability benefits. [Dkt. 1.] On February 2, 2016, the Court entered a briefing schedule providing Plaintiff fifty-six days from the date of the entry to file her initial brief in support of her complaint. [Dkt. 14 at 1.] The entry further stated "failure to file a brief ordered by this Entry shall allow this cause to be submitted for summary disposition at the close of the briefing period. **The parties should not anticipate any enlargements of these deadlines absent a showing of extraordinary circumstances.**" [*Id.* (emphasis in original).]

1

On March 29, 2016, the date Plaintiff's initial brief was due, Plaintiff filed a motion requesting a twenty-five day enlargement of time to file her brief. [Dkt. 16.] In support of her motion, Plaintiff stated "due to several briefs due during the same time frame and an unusually large number of disability hearings, plaintiff's attorney needs additional time to properly present plaintiff's contentions. Three briefs were due on March 29, 2016." [*Id.*] The Court granted in part Plaintiff's motion, giving her until April 7, 2016 to file her initial brief. [Dkt. 17.] The Court's order noted that Plaintiff's motion failed to provide "extraordinary circumstances" to support a delay as required by the Court's briefing schedule and stated "**[n]o further enlargements of this deadline will be granted.**" [*Id.* (emphasis in original).]

Nevertheless, Plaintiff filed a second motion for enlargement of time on April 7, 2016, seeking an enlargement of ten days. [Dkt. 18.] Once again, Plaintiff explained "[d]ue to several briefs due during the same time frame and an unusually large number of disability hearings, plaintiff's attorney needs additional time to properly present plaintiff's contentions. Two briefs were due on April 7, 2016." [*Id.*] On April 11, 2016, the Court denied Plaintiff's motion for an extension of time, ordering Plaintiff to either submit her initial brief by April 12, 2016 or by April 13, 2016 to show cause why her complaint should not be dismissed for failure to prosecute. [Dkt. 19.]

Plaintiff failed to file her initial brief, but did file a response to the Court's Order to Show Cause on April 13, 2016. [Dkt. 20.] Plaintiff argued "[t]he complaint should not be dismissed because plaintiff has never failed to prosecute the case." [Dkt. 20 ¶ 3.] She further stated she has not filed her brief because "her Motion for Enlargement of Time to file the brief was denied and she was given only one day to file the brief. It is impossible to draft and file such a brief in one day." [*Id.* ¶¶ 4-5.] Accordingly, Plaintiff requested an additional extension of ten days to file her

2

initial brief. [*Id.* ¶ 6.][1] The Court held a hearing on its Order to Show Cause on April 14, 2016. [Dkt. 22.]

On May 1, 2016, nineteen days after the Court's final extension of time, Plaintiff filed her initial brief. [Dkt. 27.] The same day, Plaintiff also filed another response to the Court's Order to Show Cause. [Dkt. 24.] In her second response to the Court's Order to Show Cause, Plaintiff for the first time stated her attorney had been unable to file her initial brief in a timely manner due to illness. [Dkt. 24.] Mr. Mulvany was hospitalized for surgical removal of his lung ten months ago, on June 29, 2015, and was in intensive care most of July. [*Id.* ¶¶ 2-3.] Accordingly, he cancelled all of his intake appointments through July and August of 2015. [*Id.* ¶ 6.] When he began meeting with clients again in September of 2015, a huge backlog of intake appointments and hearings had accumulated. [*Id.*] Mr. Mulvany continued having problems breathing from October through December, leading his doctor to place him in a rehabilitation program beginning in March of 2016. [*Id.* ¶ 7.] The rehabilitation program required Mr. Mulvany to attend three hour sessions three days a week for eight weeks. [*Id.*] Thus, Mr. Mulvany requested that no disciplinary sanctions be imposed upon him because his delays were "solely due to his lung surgery and rehabilitation, rendering him medically unable to comply with the Court's Orders." [*Id.*]

## II. Discussion

District courts "possess great authority" to manage their caseloads. *McNair v. Bonaventura*, 46 F. App'x 849, 851 (7th Cir. 2002) (quoting *Gonzalez v. Ingersoll Mill. Mach. Co.*, 133 F.3d 1025, 1030 (7th Cir. 1998)). Under Federal Rule of Civil Procedure 6(b), district courts have discretion to grant or deny a party's request for an extension of time. However, "a good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. . . . If the court

---

[1] The Court denied Plaintiff's request for an additional ten day extension of time on April 28, 2016. [Dkt. 23.]

3

allows litigants to continually ignore deadlines and seek never-ending extensions without consequence, soon the court's scheduling orders would become meaningless." *Spears v. City of Indianapolis*, 74 F.3d 153, 157, 158 (7th Cir. 1996).

In this case, Mr. Mulvany repeatedly flouted the Court's orders when he failed to timely file his client's initial brief. Mr. Mulvany had clear notice of the Court's filing deadlines and its intention to maintain those deadlines. In the briefing schedule, the Court explicitly stated "**[t]he parties should not anticipate any enlargements of these deadlines absent a showing of extraordinary circumstances.**" [Dkt. 14 at 1 (emphasis in original).] Nevertheless, Mr. Mulvany provided no "extraordinary circumstances" to support his requests for an enlargement of time. Rather, Mr. Mulvany requested enlargements because he claimed his schedule was busy and he had other briefs due the same day. [Dkt. 16.] Mr. Mulvany has filed nearly identical motions for enlargements of time in prior cases before this Court on the basis of his busy schedule, and the Court has repeatedly denied these requests because they lacked the requisite showing of extraordinary circumstances.[2] Attorneys are expected to manage their caseloads efficiently in order to provide competent representation to each client; a busy schedule is no excuse for missing the Court's deadlines. *See Land v. Int'l Bus. Machines, Inc.*, 485 F. App'x 830, 833 (7th Cir. 2012); *Gonzalez v. Ingersoll Mill. Mach. Co.*, 133 F.3d 1025, 1030 (7th Cir. 1998).

Despite Mr. Mulvany's failure to provide an adequate justification for an enlargement of time, the Court granted in part his request and gave him an extra week to file the brief. However, the Court explicitly noted Mr. Mulvany failed to support his motion with "extraordinary

---

[2] *Sparks v. Colvin*, 1:14-cv-01519-SEB-MJD, Dkt. 16 (S.D. Ind. Feb. 5, 2015); *H. v. Colvin*, 1:14-cv-00756-RLY-MJD, Dkt. 15 (S.D. Ind. Oct. 20, 2014); *Patterson v. Colvin*, 1:14-cv-00468-SEB-MJD, Dkt. 16 (S.D. Ind. July 25, 2014); *Saunders v. Colvin*, 1:13-cv-02053-SEB-MJD, Dkt. 16 (S.D. Ind. May 13, 2015); *M. v. Colvin*, 1:13-cv-01412-SEB-MJD, Dkt. 22 (S.D. Ind. March 13, 2014); *Risby v. Colvin*, 1:13-cv-01232-RLY-MJD, Dkt. 17 (S.D. Ind. Jan. 10, 2014); *Reiger v. Colvin*, 1:13-cv-00022-RLY-MJD, Dkt. 19 (S.D. Ind. Jan. 15, 2014).

circumstances," and stated "**[n]o further enlargements of this deadline will be granted.**" [Dkt. 17 (emphasis in original).] Notwithstanding the Court's unequivocal statement it would not enlarge the deadline further, Mr. Mulvany once again failed to comply with the Court's order and instead filed a second motion for enlargement consisting of the same stock excuse he provided with his first motion. [Dkt. 18.] It is well within a district court's discretion "to require adherence to a deadline that it had previously informed counsel it would not extend." *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 539 (7th Cir. 2011); *see also Dority v. City of Chicago*, 50 F. App'x 760, 763 (7th Cir. 2002); *Spears*, 74 F.3d at 157. Accordingly, the Court denied Plaintiff's second motion. [Dkt. 19.] However, the Court provided Mr. Mulvany one more day to file the initial brief. [*Id.*] He failed to do so.

In total, the Court provided Mr. Mulvany **seventy days** from the entry of its briefing schedule to file his initial brief. This is more than enough time for an attorney exercising reasonable diligence to draft an initial brief. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (providing a party forty-eight days to file a brief was sufficient); *Dority*, 50 F. App'x at 763 (providing a party one month to file a brief was "more than adequate time."). Mr. Mulvany's delays in filing the initial brief not only clog the Court and disrupt the management of its docket, they also negatively impact Mr. Mulvany's client, Josephine Lucas. Mr. Mulvany has an ethical obligation to "act with reasonable diligence and promptness in representing a client." Indiana Rules of Prof'l Conduct 1.3. This is especially true in a case such as this one. Lucas is bringing an action challenging the decision of the Social Security Administration denying her application for social security disability benefits. [Dkt. 1.] This means she believes she is disabled and requires government assistance to satisfy her basic needs. If Lucas is right, Mr. Mulvany's delays in prosecuting the case deprive Lucas of financial assistance she needs in order to live. Mr. Mulvany

does a grave disservice to his client when he fails to manage his caseload so that he can expeditiously prosecute her case. *See* Indiana Rules of Prof'l Conduct 1.3 cmt. [3] ("A client's interests often can be adversely affected by the passage of time or the change of conditions.")

The Court is also deeply troubled by Mr. Mulvany's lack of understanding or remorse for his behavior. In his response to this Court's Order to Show Cause, Mr. Mulvany denied that he had failed to prosecute the case and complained he "was given only one day to file the brief. It is impossible to draft and file such a brief in one day." [Dkt. 20 ¶ ¶ 3-5.] This was a gross misstatement of the situation, as the Court had already provided him sixty-nine days to file the brief and only provided one **additional day** in the hope that Mr. Mulvany would finally file his brief. Moreover, rather than providing any explanation for his repeated delays, Mr. Mulvany's first response to the Court's Order to Show Cause requested **another** extension of time, despite the fact the Court had already informed him twice that no further enlargements would be granted. [Dkt. 20.] Finally, at the show cause hearing, Mr. Mulvany denied having ignored the Court's orders and argued that neither he nor his client should face any consequences for his actions. Mr. Mulvany's response to this Court's Order to Show Cause demonstrates to the Court that Mr. Mulvany believes he has done nothing wrong and therefore is unlikely to adjust his behavior in the future.

In Plaintiff's untimely second response to the Court's Order to Show Cause, Mr. Mulvany notes that he underwent lung surgery on June 29, 2015 and began a pulmonary rehabilitation program in March of 2016. An unexpected surgical procedure certainly qualifies as an "extraordinary circumstance" that would justify an extension of time. In fact, the Court granted Mr. Mulvany's requests for an extension of time in his other cases before this Court in July of

6

2015 based upon his surgery and necessary recovery time.[3] However, this case was filed on November 24, 2015, nearly three months after Mr. Mulvany had returned to work. [Dkt. 1.] This was not a pre-existing case that Mr. Mulvany had an obligation to prosecute, *see* Indiana Rules of Prof'l Conduct 1.3. cmt. [4], but rather was a new obligation that he voluntary undertook after his surgery. At this point, Mr. Mulvany had an obligation to manage his caseload in light of his surgery and necessary recovery time. Indiana Rules of Prof'l Conduct 1.3. cmt. [2] ("A lawyer's workload must be controlled so that each matter can be handled competently.")

Mr. Mulvany also claims his delays were justified because his doctor ordered him to attend a pulmonary rehabilitation program beginning in March of 2016 that required him to attend three hour sessions three days a week for eight weeks. The first time Mr. Mulvany made this "excuse" was on May 1, 2016, nineteen days after the Court's final extension of time and thirty-three days after the Court's initial deadline. He did not raise it in his multiple motions for enlargement of time, his first response to the Court's Order to Show Cause, or during the Court's twenty-six minute hearing on the Court's Order to Show Cause.[4] Additionally, he has provided no evidence to support his assertion that he had to attend pulmonary rehabilitation. Had Mr. Mulvany timely raised this issue, the Court may have given this explanation greater weight. However, the Court finds it strange that Mr. Mulvany did not raise this issue earlier, despite having ample opportunity to do so. Thus, the Court is skeptical that it provides an adequate justification for his delays.

In fact, throughout March and April, when Mr. Mulvany asserts he was in a pulmonary rehabilitation program, Mr. Mulvany filed **SIXTEEN** new social security disability claims in the

---

[3] *M.A.S.H. v. Colvin*, 1:14-cv-01995-SEB-MJD, Dkts. 19, 21 (S.D. Ind. July 8, 2015); *Pavely v. Colvin*, 1:14-cv-01995-SEB-MJD, Dkts. 20, 22 (S.D. Ind. July 8, 2015).
[4] While Mr. Mulvany did mention at the hearing his lung surgery in the summer of 2015, he did not mention that his doctor had ordered him to attend pulmonary rehabilitation starting in March of 2016.

7

District Court for the Southern District of Indiana.[5] Once again, the issue is one of time management. Mr. Mulvany claims he did not have the time to file Lucas's initial brief, which he knew since February 2, 2016 was due at the end of March, but he did have the time to commence **sixteen** new social security disability appeals. While the Court is sympathetic to Mr. Mulvany's ongoing medical problems, it does not excuse his failure to properly manage his time so as to comply with the Court's deadlines and to adequately represent the clients he already has. *See* Indiana Rules of Prof'l Conduct 1.3. cmt. [2].

In sum, the Court provided Mr. Mulvany ample notice, both in this case and prior cases, that the Court would not extend the briefing schedule absent "extraordinary circumstances." Nevertheless, Mr. Mulvany repeatedly requested enlargements without adequate justification and failed to file his initial brief despite having **seventy days** to do so. Moreover, Mr. Mulvany has not acknowledged his mistakes or given any indication he will act differently in the future. Given Mr. Mulvany's blatant disregard of the Court's deadlines, the Court would be well within its discretion to disregard Plaintiff's initial brief and issue a summary ruling in favor of Defendant. *See e.g.*, *Spears*, 74 F.3d at 157. However, the Court finds it unfair to punish Plaintiff for her attorney's malpractice in failing to follow the Court's clearly established deadlines. Therefore, the undersigned Magistrate Judge recommends the District Judge, pursuant to her inherent authority,

---

[5] *Woytsek v. Colvin*, 1:16-cv-00491-TWP-TAB, Dkt. 1 (S.D. Ind. March 4, 2016); *Satterfield v. Colvin*, 1:16-cv-00492-JMS-DKL, Dkt. 1 (S.D. Ind. March 4, 2016); *Harless v. Colvin*, 1:16-cv-00494-TWP-TAB, Dkt. 1 (S.D. Ind. March 4, 2016); *Castlel v. Colvin*, 1:16-cv-00497-WTL-DKL, Dkt. 1 (S.D. Ind. March 4, 2016); *Oldham v. Colvin*, 1:16-cv-00581-JMS-DKL, Dkt. 1 (S.D. Ind. March 16, 2016); *R. v. Colvin*, 1:16-cv-00586-TWP-MJD, Dkt. 1 (S.D. Ind. March 16, 2016); *Holloway v. Colvin*, 1:16-cv-00611-SEB-DML, Dkt. 1 (S.D. Ind. March 17, 2016); *T. v. Colvin*, 1:16-cv-00627-TWP-DKL, Dkt. 1 (S.D. Ind. March 21, 2016); *Coleman v. Colvin*, 1-16-cv-00643-JMS-MJD, Dkt. 1 (S.D. Ind. March 22, 2016); *Grant v. Colvin*, 1:16-cv-00696-SEB-DML, Dkt. 1 (S.D. Ind. March 28, 2016); *Garvin v. Colvin*, 1:16-cv-00761-RLY-DKL, Dkt. 1 (S.D. Ind. April 6, 2016); *Callahan v. Colvin*, 1:16-cv-00827-JMS-MJD, Dkt. 1 (S.D. Ind. April 14, 2016); *Bradley v. Colvin*, 1:16-cv-00832-WTL-DML, Dkt. 1 (S.D. Ind. April 14, 2016); *Carpenter v. Colvin*, 1:16-cv-00833-WTL-DKL, Dkt. 1 (S.D. Ind. April 14, 2016); *Bryant v. Colvin*, 1:16-cv-00932-TWP-DKL, Dkt. 1 (S.D. Ind. April 26, 2016); *Goodwin v. Colvin*, 1:16-cv-00940-RLY-MJD, Dkt. 1 (S.D. Ind. April 27, 2016).

fine Mr. Mulvany $1,000 for his repeated and deliberate failures to comply with the Court's briefing schedule.[6] *See Trzeciak v. Petrich*, No. 2:10-CV-358-JTM-PRC, 2014 WL 5488439, at *1 (N.D. Ind. Oct. 29, 2014) ("Federal courts have the inherent authority to impose sanctions against both attorneys and parties for bad faith conduct in litigation or for willful disobedience of a court order.") (internal quotations omitted).

### III. Conclusion

For the foregoing reasons, the Magistrate Judge recommends the District Judge fine Mr. Mulvany $1,000.00 for his willful disobedience of the Court's scheduling orders. Mr. Mulvany shall tender a check in the amount of $1,000.00 payable to the Clerk of the Court within fourteen days of the adoption of this Report and Recommendation. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 02 MAY 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

---

[6] This is the equivalent of approximately $52.63 per day for each of the nineteen days between the Court's final extension of time and the filing of the initial brief.