UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPHINE LUCAS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) 1:15-cv-01870-SEB-MJD ) |
| CAROLYN W. COLVIN Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding that Plaintiff Josephine Lucas is ineligible for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3). The Administrative Law Judge ("ALJ") found that Ms. Lucas failed to qualify as disabled because she was capable, even with her impairments, of performing other available work in the national and local economy. R. at 21-22. After the Appeals Council denied her request for review on September 22, 2015, the Commissioner's decision became final, and Ms. Lucas timely exercised her right to judicial review under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Dinsmore for consideration, who, on June 17, 2016, issued a Report and Recommendation that the Commissioner's decision be upheld because it was supported by substantial evidence and was otherwise in accord with the

1

law. This case is now before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

## **Standard of Review**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the decision of the ALJ, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court

"makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

## Discussion

Ms. Lucas interposes three objections to the Report and Recommendation. First, she alleges that the Magistrate Judge erred in determining that she plainly and intelligently waived her right to counsel at the ALJ hearing. *See* Pl.'s Objections 1-3; Rep. 6-12. Second, she argues that the Magistrate Judge erroneously accepted the ALJ's rejection of Dr. Besen's testimony on the applicable dates of Ms. Lucas's disability. *See* Pl.'s Objections 4-6; Rep. 5. Third, she objects to the Magistrate Judge's affirmation of the ALJ's residual functional capacity ("RFC") assessment hypothetical, arguing that it did not accurately incorporate all of her physical limitations.[1] *See* Pl.'s Objections 7; Rep. 6. We address these objections in turn below.

### I. Waiver of right to counsel

Ms. Lucas first objects to the Magistrate Judge's finding that she was properly advised of her right to counsel and waived it. In support of her objection, Ms. Lucas cites

---

[1] Ms. Lucas also argues that the ALJ did not properly analyze Listing 5.06 in the Step Three analysis, requiring a reversal of the ALJ's decision. *See* Pl.'s Objections at 4-5. However, Ms. Lucas did not raise this argument in her initial brief; therefore this argument is waived. *Wright v. United States,* 139 F.3d 551, 553 (7th Cir. 1998).

to the Seventh Circuit's decision in *Thompson v. Sullivan,* 933 F.2d 581 (7th Cir. 1991) which she maintains holds that written notices are insufficient to ensure a valid waiver of the right to counsel and that the ALJ must orally advise a claimant of this right. However, *Thompson* does not hold that written notices are per se inadequate; rather, it more generally requires only that the claimant receive "sufficient information to enable [her] to intelligently decide whether to retain counsel or proceed *pro se*." *Id.* at 584 (internal quotation omitted). As discussed by the Magistrate Judge in his findings and conclusions, here, the ALJ orally notified Ms. Lucas of her right to counsel at her initial hearing by explaining her entitlement to both contingency fee and free representation services. Rep. at 7. She also received a written explanation of the benefits of having representation at the hearing as well as the various forms of legal representation available, and attorneys' limits on any recovery of claimant's past due benefits. Rep. at 7.

This information was sufficient under *Thompson* to ensure a valid waiver. *See* 933 F.2d at 584 ("Information that will ensure a valid waiver of counsel includes an explanation of the manner in which an attorney can aid in the proceedings, the possibility of free counsel or a contingency arrangement, and the limitation on attorneys' fees to twenty-five percent of past-due benefits plus required court approval of fees."). Ms. Lucas was also allowed a full year between her initial hearing with the ALJ and her second hearing to secure counsel, yet did not do so. Rep. at 7. Given these facts, we agree with the Magistrate Judge's finding that Ms. Lucas knowingly and voluntarily waived her

right to representation because the written and oral notices she received fully satisfied the standard established in *Thompson*.

## II. Failure to address Dr. Besen's testimony

Ms. Lucas also contends that the ALJ erred in failing to address Dr. Besen's opinion that in July 2011 Plaintiff was unable to work for a limited period of time following her diverticulitis surgery. *See* Pl.'s Objections at 4; R. at 18. SSI benefits may be awarded only at the beginning of the "month following the month you filed your application," not for disabilities occurring prior to the filing date. 20 C.F.R. § 416.335. Ms. Lucas filed for SSI benefits on June 11, 2012; therefore, her limitations from that date forward were the only ones relevant to the ALJ's decision. When limited to that timeframe, Dr. Besen opined that Plaintiff had no physical restrictions. The ALJ did consider this testimony, but ultimately gave it "little weight," and, to Plaintiff's benefit, the ALJ limited her to light exertional work. *See* R. at 18; Rep. at 5. Accordingly, the ALJ did not err by considering only the portion of Dr. Besen's testimony that referenced the relevant time period.

## III. RFC Assessment

Ms. Lucas objects to the Magistrate Judge's acceptance of the ALJ's Step 5 analysis, claiming it is erroneous because the ALJ's RFC assessment and hypothetical given to the vocational expert did not include limitations based on her chronic pain. *See* Pl.'s Objections at 7; Rep. at 6. Upon review, we also conclude that this argument lacks merit because the ALJ's RFC assessment and hypothetical did appropriately capture Ms.

Lucas's limitations. The ALJ found that Ms. Lucas's chronic pain limits her ability to lift, stand, and walk, and his RFC assessment and the hypothetical given to the vocational expert included limitations on her ability to lift, stand, and walk, such as limiting her to "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" and "lifting no more than 20 pounds at a time." *See* R. at 21-22; Rep. at 6. Ms. Lucas does not claim that these limitations were not restrictive enough. Accordingly, we find no error in the ALJ's Step 5 analysis and adopt it as our own.

## Conclusion

Accordingly, we find that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge are unsustainable. They are therefore OVERRULED and we adopt the recommendations set forth in the Magistrate Judge's Report and Recommendation. Final judgment shall enter in favor of Defendant and against Plaintiff.

IT IS SO ORDERED.

Date: 2/7/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov